UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nickolas Eli Zegarac, | Case No. 15-cv-2193 (PJS/TNL) |
| Petitioner, | |
| v. | **REPORT & RECOMMENDATION** |
| C. Nickrenz, Warden, | |
| Respondent. | |

Nickolas Eli Zegarac, 11180-030, RRM Kansas City, 400 State Avenue, Room 131, Kansas City, KS 66101 (*pro se* Petitioner); [1] and

Ana H. Voss, D. Gerald Wilhelm, and David W. Fuller, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondent).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Petitioner Nickolas Eli Zegarac's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Pet., ECF No. 1.) This action has been referred to the undersigned magistrate judge for a report and recommendation to the district court, the Honorable Patrick J. Schiltz, pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

For the reasons stated below, **IT IS HEREBY RECOMMENDED** that Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED AS MOOT**.

---

[1] The inmate-locator tool maintained by the Bureau of Prisons, http://www.bop.gov/inmateloc/, shows that Petitioner is currently located at a residential reentry facility in Kansas City, Kansas. The Clerk's Office is directed to send copies of this Report & Recommendation to Petitioner at the Federal Prison Camp, P.O. Box 1000, Duluth, MN 55814, and the Kansas City facility.

1

## I.

At the time the Petition was filed, Petitioner was serving an 87-month sentence for wire fraud and money laundering at the Federal Prison Camp in Duluth, Minnesota. (Decl. of Roger Pelawa ¶ 3, ECF No. 6.)  Petitioner's projected release date was September 26, 2015, and he was approved for placement in a residential reentry center ("RRC") on March 30, 2015. (Pelawa Decl. ¶¶ 3, 4; *see also* Pet. ¶ 13.)

On March 10, 2015, Petitioner received an incident report for a Code 108 violation of Bureau of Prisons ("BOP") policy, which charged Petitioner with possessing a hazardous tool, namely, a cellular phone.[2] (Pelawa Decl. ¶ 5; Pet. ¶ 13.) *See* 28 C.F.R. § 541.3 (prohibited acts and available sanctions).  Because of the incident report, Petitioner's RRC placement was put on hold pending resolution of the disciplinary process. (Pelawa Decl. ¶ 6.)  Petitioner filed the instant Petition on April 28, 2015, requesting that the incident report be expunged and he be immediately released to an RRC. (Pet. ¶¶ 13, 15.)

Subsequent to the filing of the Petition, the incident report was expunged by the BOP. (Pelawa Decl. ¶ 7.)  A new RRC-release date was obtained for Petitioner and, on May 3, Petitioner was released to an RRC in Davenport, Iowa.[3]

In his Response, Respondent requests that this matter be dismissed as moot because the relief requested by Petitioner can no longer by granted by the Court. (Resp.

---

[2] According to Petitioner, the cellular phone belonged to his roommate and the roommate took responsibility for the phone. (Pet. ¶ 13.)
[3] It appears that Petitioner is now in Kansas City, Kansas. *See infra* n. 1.

2

at 1-5, ECF No. 5.) Petitioner did not file a reply and has had no further communication with the Court since the filing of the Petition.

## II.

"A court is without power to adjudicate disputes in the absence of a case or controversy." *Ayyoubi v. Holder*, 712 F.3d 387, 391 (8th Cir. 2013) (citing *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013)); *accord Roberts v. Norris*, 415 F.3d 816, 819 (8th Cir. 2005) ("The federal power of the judiciary only extends to [c]ases or [c]ontroversies." (quotation omitted)). "A federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Doe v. Nixon*, 716 F.3d 1041, 1051 (8th Cir. 2013). "The 'case or controversy' requirement is not met if 'the question sought to be adjudicated has been mooted by subsequent developments.'" *Roberts*, 415 F.3d at 819 (quoting *Flast v. Cohen*, 392 U.S. 83, 95 (1968)); *accord Ayyoubi*, 712 F.3d at 391 ("A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (quotation omitted)).

"A habeas corpus petition will become moot once the prisoner is released from custody unless the petitioner can also demonstrate a collateral consequence of the underlying proceeding." *Walton v. Holinka*, No. 07-cv-2121 (MJD/FLN), 2008 WL 495523, at *1 (D. Minn. Feb. 21, 2008). "It is insufficient that [the p]etitioner's claim was active when he filed his [p]etition." *Gray-Bey v. Cruz*, No. 07-cv-4196 (JNE/JSM), 2009 WL 2982927, at *2 (D. Minn. Sept. 14, 2009). Accordingly, "[w]here the habeas

petition only challenges the continued detention, there is no actual case or controversy for the court to decide [once the petition is released from custody] because the petitioner is no longer being detained and any order from the court requiring release of such a petitioner would not have any effect." *Id.*; *see Gray-Bey*, 2009 WL 2982927, at *2 ("The case or controversy requirement is satisfied while a habeas corpus petitioner is incarcerated because petitioner could receive meaningful relief, *i.e.* release from custody.").

Petitioner requests that the incident report be expunged and he be immediately released to an RRC. Petitioner has since received the relief sought. Therefore, as there is no longer a live case or controversy, the Court recommends that the Petition be dismissed as moot. *See Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008) (§ 2241 petition seeking release to RRC mooted by transfer to RRC); *see also Olds v. Brill*, 205 F.3d 1347, at *1 (8th Cir. 2000) (per curiam) (§ 2241 petition challenging transfer from Colorado to Minnesota mooted by transfer back to Colorado as prisoner "is no longer incarcerated in Minnesota and his requested relief is thus no longer available"); *Gray-Bey*, 2009 WL 2982927, at *3 ("Because Petitioner has already been released from prison, allowing a one-year reduction in his sentence would confer no benefit on Petitioner. Therefore, there is no longer a live case or controversy in this matter and the instant petition is moot.").

## III.

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED AS MOOT**.

Date: June   23   , 2015          *s/ Tony N. Leung*
                                  Tony N. Leung
                                  United States Magistrate Judge
                                  for the District of Minnesota

                                  *Zegarac v. Nickrenz*
                                  Case No. 15-cv-2193 (PJS/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.